IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CAROLYN J. CANTRELL | § | |
| v. | § | CIVIL ACTION NO. 6:04cv154 |
| COMMISSIONER, SSA | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration.  The Report and Recommendation recommends that the complaint be dismissed. Plaintiff filed written objections to the Report and Recommendation on August 18, 2006.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct and the objections are without merit.  Plaintiff contends that the vocational expert's hearing testimony in this case is at odds with the *Dictionary of Occupational Titles* ("DOT").  Plaintiff incorrectly asserts in her objections that the Magistrate Judge conceded that there is an indirect conflict.  Rather, the Magistrate Judge stated that there was "an alleged implied or indirect conflict between the vocational

expert's testimony and the DOT."[1] Plaintiff did not raise the issue of an alleged conflict during the administrative hearing. The vocational expert was not asked any questions on this issue during her testimony. It is not appropriate for the Plaintiff to now present such an alleged conflict between the vocational expert's testimony and the DOT in this Court as reversible error when she did not develop the issue at the administrative hearing. *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir.2000). The vocational expert provided clear, unchallenged testimony that a hypothetical person with Plaintiff's mental limitations, including an inability to maintain employment involving complex, detailed instructions, could perform the jobs that she identified. Likewise, the vocational expert offered clear, unchallenged testimony that a hypothetical employee with Plaintiff's physical restrictions, including the need for a sit/stand option, could perform the jobs that she identified. The Court finds that there is an adequate basis in the record for the ALJ's reliance on the vocational expert's testimony. *See Carey*, 230 F.3d at 146. To the extent that Plaintiff argues in her objections that the ALJ did not follow Social Security Ruling 00-4p, Plaintiff has not made the requisite showing of prejudice. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir.2000). The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that the complaint is hereby **DISMISSED** with prejudice. Any motion not previously ruled on is **DENIED**.

So ORDERED and SIGNED this 18th day of September, 2006.



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

---

[1] *See* Report and Recommendation of United States Magistrate Judge, filed July 21, 2006, p. 21.